**INTERNATIONAL UNION OF OPERAT-
ING ENGINEERS, LOCAL NO. 18,
AFL-CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**No. 73-1760.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1974.

Decided May 31, 1974.

Louis S. Belkin, Cleveland, Ohio, for petitioner; Alan S. Belkin, Belkin & Belkin, Cleveland, Ohio, on brief.

Stuart Rosenblum, N. L. R. B., for respondent; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Robert A. Giannasi, Asst. Gen. Counsel, David Miller, Atty., N. L. R. B., Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, ED-WARDS and McCREE, Circuit Judges.

PER CURIAM.

In this case the National Labor Relations Board found that the union violated Sections 8(b)(2) and (1)(A) of the Act. 29 U.S.C. §§ 158(b)(2) and (b)(1)(A) (1970). It ordered the union to cease and desist from making applicable any penalty carried out through its hiring hall practices upon one William Murphy and to make him whole by back-pay for such work, if any, which he lost by being demoted on the hiring hall list. The Board's order is reported at 204 NRLB No. 112 (1973).

Although the record is not complete, it does suggest that Mr. Murphy may be a somewhat difficult human being. The episode that apparently triggered the penalty we deal with concerned a union election for delegates to the international convention wherein Murphy was a candidate. Although the facts are by no means fully developed, it is alleged that when Murphy discovered he was losing in the election, he seized the certified membership list which was being used to check the authenticity of ballots and undertook to run away with it. This led to his being suspended and fined and to his being demoted from one classification to another on the hiring hall list.

The administrative judge who heard this case ruled that while the union could discipline Murphy by suspension and fine, it could not deny him employment, and this was a per se rule which needed no testimony concerning the union's justifications for its actions. It is clear that counsel for the union made every effort to offer evidence as to the union's reasons for its actions.

The Board rejected the administrative judge's rationale of a per se rule because it had previously permitted a union to

take a former officer of the union who had embezzled the union's money off of its referral list. *See* Philadelphia Typographical Union No. 2 (Triangle Publications), 189 NLRB 829 (1971). Nonetheless, the Board affirmed and adopted the order suggested by the administrative judge, holding essentially that nothing which the union might prove would change the picture if it had been allowed to present those proofs. Since the administrative judge did not even allow the union's lawyer to complete his offer of proof, we do not see how this ruling can be justified.

Under these circumstances we remand this case to the Board for further evidentiary hearing under the standards of the *Philadelphia Typographical Union* case, *supra*.